## J. B. & JESSE BRYANT *v.* W. K. ESKRIDGE, ETC.

**Wills—Devise to a Class—Survivorship.**

"I give to Mildred Brusaugh the plantation on which we now re-
side, until the youngest child she has had by me may arrive at
twenty-one years of age, for the purpose of raising said children,
and when the youngest becomes of age I then wish them to sell
my land and divide the money equally between them, and I appoint
Mildred Brusaugh my executrix."

Mildred Brusaugh qualified as executrix and undertook to execute
the will of the testator.

Four of the devisees died intestate before the youngest arrived at
age, leaving three survivors, one of whom, together with the execu-
trix, conveyed the land to appellants.

**Held,** that it was the intention of the testator that the persons de-
scribed as his children by Mildred Brusaugh should take the estate
as a class—they were not to come into the separate enjoyment of it
until the youngest arrived at the age of twenty-one years.  Until
that period it was to be left for the support of the beneficiaries,
and if either or even all of them except the youngest one had died
before she attained the age of twenty-one years, still the executrix
was to retain the estate to raise that child.

The estate was intended by the testator to pass to the survivors
in case of the death of any of them before that time without issue;
therefore appellant took nothing under the deed except the interest
of one of the devisees.

### APPEAL FROM HARRISON CIRCUIT COURT.

September 7, 1871.

OPINION BY JUDGE PETERS:

William K. Eskridge, Sr., died in July, 1852, having first made
and published his last will, which was probated by the proper
court, and by which he disposed of his estate in the following
language: "I give, devise and bequeath to Mildred Brusaugh
the plantation on which we now reside, containing one hundred
and thirty-two acres on the waters of Raven creek, Harrison
county, Kentucky, until the youngest child, which she has had by
me, may arrive at twenty-one years of age, for the purpose of
raising the several little children, which she has had by me
since we have been living together, and also to enable her to
pay what little I am owing, which is not much, and also for
the purpose of raising and educating my *several* little chil-

dren which she has had by me, namely, George Washington Eskridge, Francis Elner Eskridge, Rebecca Harris Eskridge, Thomas Jefferson Eskridge, Willis Foley Eskridge; and when the youngest (I. E.) becomes of age, I then wish them to sell my land and divide the money equally between them, my seven above named children, after paying to my son Robert Pope Eskridge's little daughter, Henrietta Jane Eskridge, one hundred dollars, and also to my son James Johnston Eskridge one hundred dollars, which two is to be paid after the farm is sold, and not before"—and concluded by revoking all wills before made by him, and appointing Mildred Brusaugh and his son, George Washington Brusaugh, his executrix and executor.

In September, 1867, William K. Eskridge and Salinda Eskridge, infants, suing by their next friend, brought this suit, alleging after setting out said will in their petition that since the death of the testator four of the persons named as his children and devisees and the granddaughter had died intestate, and without issue—leaving as their heirs-at-law the surviving brothers and sisters, viz.: Geo. W. Eskridge, Wm. K. Eskridge and Salinda A. Eskridge, who take the estate devised. That Mildred Brusaugh qualified as executrix and undertook to execute the will of said testator—and that she, by her deed dated 7th of February, 1866, conveyed to J. B. and Jesse Bryant the land devised by the testator, and had given possession of the whole tract to them except the house and garden, containing about one acre, and reserving pasture for a horse and cow, and part of the fruit of the orchard till the 25th of December, at which time she has covenanted to give full possession—that they, the said Wm. K. and Salinda, were then under 21 years of age, the younger of whom would not arrive at full age till the —— day of April, 1870; that the land reserved is not sufficient for their support and education, that no other provision had been made to support and educate them, and that they were destitute of means. That the purchasers are the brothers of the said Mildred, that the price agreed to be paid was only $300 when the land was and is worth $20 per acre. They charge that said deed was made to defraud them of their rights, and in violation of the provisions of the will—and pray that it be set aside and for general relief.

The deed of Mildred Brusaugh is made part of the petition and purports to convey to the vendees all the right to the land which she may have acquired by the death of the four devisees, and all the interest she may otherwise have in said estate.

Appellants, in their answer, claim that the portion of the child who first died descended to its brothers and sisters in equal portions, and that the portions of the other children who died descended to the mother, brothers and sisters surviving in equal portions, and that the several shares of the estate which Mildred Brusaugh thus acquired passed by her deed to them, and that all the interest in the estate which George W. Eskridge took under the will, and also all that he acquired by descent from his deceased brothers and sisters, passed by his deed to them, which is exhibited in the suit.

On the trial of the cause the court below adjudged that Mildred Brusaugh inherited nothing from the deceased children, and her deed to the Bryants, therefore, passed nothing, but that whatever interest Geo. W. Eskridge had in the estate at the time passed by his deed to his vendees, the Bryants—but that Mildred Brusaugh was constituted by the will trustee for the devisees to hold the land till the youngest child should become of age, and for the purpose of executing the trust the court adjudged that the land in possession of the Bryants should be surrendered to her, and referred the cause to the master to settle the account for rents, amelioration by improvements and interest, etc.—and from that judgment, and the judgment adjusting the account between the parties, the Bryants have appealed.

Novel and interesting questions are presented and ably discussed by the learned counsel representing the parties to this appeal, which certainly are not devoid of difficulty, but which we do not deem necessary to be decided in this controversy. From the context of the will, and the situation of the parties as developed by the record, we can not doubt that it was the intention of the testator that persons described as his children by Mildred Brusaugh should take the estate as a class—they were not to come into the separate enjoyment of it until the youngest arrived at the age of 21 years. Until that period it was to be left for the support and education of these beneficiaries, and if either or even if all of them except the youngest one had died

before she attained the age of 21 years, still the executrix was to retain the estate to pay the testator's debts and to raise and educate that child. No other disposition was made of it during her minority, and so we conclude that the estate was intended by the testator to pass to the persons named when the period fixed by him for distributing it arrived, if they were living, and in case of the death of any of them before that time without issue, then to their survivors.

That being our view of the case we concur with the circuit judge that appellants took nothing under the deed of Mildred Brusaugh, and that they took whatever interest George W. Eskridge had by his conveyance to them at its date. But that the land must be sold and they must take it in money. They have no right to have the land divided and the portion set apart to them; that would be a violation of the will of testator and might seriously injure the other parties interested.

No error prejudicial to appellants is perceived in the judgment of the 19th of May, 1869, nor in the subsequent one adjusting the accounts between the parties.

Wherefore both judgments are affirmed.